## McDANIELS v. SCHMALSTIEG et al.

### No. 8536.

Court of Civil Appeals of Texas. San Antonio.

Jan. 28, 1931.

Rehearing Denied March 11, 1931.

H. S. Bonham and J. D. Todd, both of Corpus Christi, and J. C. Russell, of Sinton, for appellant.

J. G. Cook, of Sinton, for appellees.

FLY, C. J.

This suit was instituted by appellant against appellees to dissolve a partnership engaged in ginning cotton and the sale of cottonseed, and asking for a receiver to take charge of the partnership, sell the property, and distribute the proceeds among the partners according to their individual interests. The court granted the prayer of appellant and appointed a receiver, who afterwards made a report, to which appellant excepted. The exceptions were overruled, and the report was approved. It was decreed that the sale of the property of the partnership by the receiver for $13,000 be approved, and it was found that there was a fund of $25,945.83 comprising the whole of the assets of the partnership. After deducting all expenses the assets amounted to $19,305.78, which was distributed to the partners according to their individual interests. The partnership was dissolved. Appellant alone expressed dissatisfaction and prosecutes his appeal.

There is but one proposition, as follows: "The contract of the partners and particularly the 6th division thereof was not void as being in violation of the anti-trust Statutes of the State of Texas, and the trial court, therefore, erred in so holding and in rendering judgment denying to plaintiff the recoveries he would have been entitled to or under and by virtue of said 6th division of said contract."

It is not apparent to this court what appellant would gain if the proposition were sustained. We are of opinion that the contract between the parties was not illegal, as was held as to contracts in the case of Texas Farm Bureau v. Stovall, 113 Tex. 278, 253 S. W. 1101. The distinction between this case and the case cited is clear. In this case there was no sale of the cottonseed to the partnership organization, but it was fully expressed that the seed were placed in the hands of the organization to be sold "through" it, or by an agent appointed by it. The contract merely created an agency for the sale of the cottonseed. The partners contributed to buy the necessary machinery and other necessary material to operate a gin, and of course each had an interest in the property in proportion to the amount contributed, whether he placed any cottonseed with the organization for sale or not. None of the parties to the contract sold any seed to the organization, and consequently owned no interest in the amounts arising from a sale of the seed except the amount received for seed placed in the hands of the sales agency. The parties to the contract were of course expected to patronize the agency, but, if any one did not, he incurred no liability to the participating parties. Under the terms of the contract every member was to receive the amount realized from his farm products through the agency. If a member had his cotton sold by the agency, he was entitled to his proportion of the sums realized, whether he had the cottonseed sold by the association or not.

The facts indicate that the auditor allowed appellant a sum in excess of the amounts contributed by him to the association, and that he was given all to which he was entitled. If his theories were correct, the organization was in defiance of the statute on trusts and contrary to the decision cited by him, herein referred to.

We think the court was wrong in holding that the organization was obnoxious to the trust statute, but in spite of that we believe he rendered the proper judgment under the facts.

The judgment is affirmed.