## McDANIEL v. SCHMALSTIEG et al.
### No. 2653.

Court of Civil Appeals of Texas. Beaumont.
Oct. 17, 1934.

Rehearing Denied Oct. 24, 1934.

See, also, 36 S.W.(2d) 278.

Gaines, Gaines & Roberts, of San Antonio, for plaintiff in error.

J. G. Cook, of Sinton, for defendant in error.

O'QUINN, Justice.

This is an appeal from a judgment of the district court of San Patricio county, Tex., sustaining a plea of res adjudicata and de-

creeing that plaintiff in error take nothing and that defendants in error go hence without day and recover their costs.

The record discloses that on August 17, 1929, plaintiff in error as plaintiff below filed his original petition against the defendants in error as defendants, in cause No. 3553 in the district court of San Patricio county, Tex., seeking certain relief based upon a written agreement of partnership between plaintiff in error and defendants in error for the operation of a cotton gin and the sale of cotton seed. On September 23, 1929, the defendants filed their original answer. March 22, 1930, plaintiff filed his first amended original petition. On the same date defendants filed their first amended original answer. Various other applications, motions, and supplemental pleadings from time to time were made and filed. During the course of the litigation, an order was made appointing an auditor to audit the books of the concern (a cotton gin, etc., operated under the partnership agreement), and, upon the auditor's report, motion was made by the defendants for partition of the assets of the partnership. Plaintiff filed objections to the auditor's report, which was replied to by defendants. The court ordered a partition of the assets and appointed a receiver, and ordered sale of the gin property to be made. The sale was made as per the order, and the sale confirmed by the court. The receiver and auditor made various reports to the court relative to the status and corpus of the property and assets involved. On April 5, 1930, the receiver made his final report to the court and asked to be discharged.

The cause was called for trial on March 20, 1930, and all parties appeared and announced ready for trial, and the case was tried to the court without a jury, and the trial proceeded from day to day until April 23, 1930, when judgment was rendered (a) overruling all general and special exceptions leveled by defendants to plaintiff's first amended original petition; (b) overruling all exceptions of the plaintiff to the auditor's report; (c) denying all prayers of plaintiff for affirmative relief of any nature contained in any and all of his pleadings, and adjudging that plaintiff take nothing of said defendants, or any of them, on account thereof; (d) denying the prayer of defendants for distribution of the assets of the partnership in accordance with the auditor's report, and further denying prayer for judgment against plaintiff on account of the matters alleged by defendants, it appearing that plaintiff had made satisfactory account-ing of the assets during the trial; (e) finding that certain moneys and assets belonging to the partnership were in the hands of the receiver and in the registry of the court which were subject to partition and distribution among the several parties, and decreeing that same should be partitioned and distributed among them (setting out the various items or assets to be partitioned and the persons and amounts to each); (f) and, in accordance with the prayer of all parties, decreed a dissolution of the partnership composed of the plaintiff and the defendants.

The plaintiff, appellant in error, McDaniel, excepted to the rulings and decrees of the court, made in the judgment, and gave notice of appeal to the Fourth Court of Civil Appeals at San Antonio. He perfected his appeal, and the cause was timely heard by said appellate court, and on January 28, 1931, the judgment of the lower court was in all things affirmed. 36 S.W.(2d) 278. He then applied to the Supreme Court for writ of error, which application was dismissed by the Supreme Court for want of jurisdiction. Motion for rehearing on the application for writ of error was made and overruled. On October 10, 1931, the mandate of the Court of Civil Appeals was issued to the trial court for its observance and enforcement. On February 15, 1932, some four and one-half months after the return of said mandate, plaintiff, McDaniel, appellant, filed what he denominated his second amended original petition in the original action and urged a trial of the case. Appellees answered, and pleaded in bar of plaintiff's attempted further litigation of the original action that the former trial, judgment, appeal to the Court of Civil Appeals, the affirmance of the judgment of the lower court by the Court of Civil Appeals, the finality of said judgment of affirmance, and the issuance of the mandate to the trial court, were res adjudicata of all the matters set up and sought to be litigated in said second amended original petition, and prayed that they go hence without day with their costs. Upon hearing the court sustained the plea of res adjudicata, and judgment was accordingly. This appeal is from that judgment.

The filing of his second amended original petition by appellant was in no sense the bringing of a new suit for review to set aside any judgment, but was a repleading of all the matters complained of in the original petition, with prayer "that upon a hearing hereof the defendants and each of them having heretofore answered herein, that this court hear evidence as to all of the facts relating to

such contract, agreement and the operation of the parties thereunder, make and enter its decree," etc. It clearly was an attempt to relitigate the matters which had already been fully and finally litigated—such litigation ending in the Supreme Court, as before stated. The plea of res adjudicata was properly sustained.

The judgment is affirmed.